UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFONSO BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GLENN EVANS, RUBEN VARGAS, ) <br> THERESA A. WALDBUESSER, ) <br> CHRIS C. YOUNG, LUIS A. CENTENO, ) <br> UNKNOWN OFFICERS OF THE CHICAGO ) <br> POLICE DEPARTMENT, and CITY OF ) <br> CHICAGO, ) <br> ) <br> Defendants. ) | Case No. <br><br> Judge <br><br> Magistrate Judge <br><br> JURY TRIAL DEMANDED |

## CIVIL RIGHTS COMPLAINT

Plaintiff, ALFONSO BROWN, by and through his attorney, Irene K. Dymkar, complaining against defendants, GLENN EVANS, RUBEN VARGAS, THERESA A. WALDBUESSER, CHRIS C. YOUNG, LUIS A. CENTENO, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, states as follows:

## NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2. Jurisdiction is based upon 28 U.S.C.§§1343, 1331, and 1367.

3. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

4. At all times herein mentioned, plaintiff ALFONSO BROWN (hereinafter BROWN) was and is a citizen of the United States and resides within the jurisdiction of the court.

5. At all times herein mentioned, defendants GLENN EVANS (hereinafter EVANS), RUBEN VARGAS (hereinafter VARGAS), THERESA A WALDBUESSER (hereinafter WALDBUESSER), CHRIS C. YOUNG (hereinafter YOUNG), LUIS A. CENTENO (hereinafter CENTENO), and UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department and employed defendant police officers.

7. Defendant CITY OF CHICAGO had and has express and implied policies and procedures, and customs and practices so persistent and well-settled so as to be *de facto* official policies and procedures, which not only caused, but were the moving force behind the deprivation of constitutional rights set forth herein. Defendant CITY OF CHICAGO thus is being sued for direct municipal liability under the holding in *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018 (1978).

## STATEMENT OF FACTS

8. On March 31, 2014, in the evening, plaintiff, ALFONSO BROWN, was sitting on the front steps of his sister's home at 1133 N. Springfield, in Chicago, Illinois, engaged in lawful activity.

9. Defendants EVANS, VARGAS, WALDBUESSER, YOUNG, CENTENO, and UNKNOWN OFFICERS, maybe totaling 20 or more officers, came from all directions and started harassing plaintiff and other neighbors.

10. Defendant EVANS, a Commander in the Chicago Police Department, ordered plaintiff to "get your ass off the porch" and come to him.

11. Being scared, plaintiff knocked on his sister's door so that she would come out to help.

12. EVANS then ordered defendant VARGAS to "go get him."

13. VARGAS jumped the fence onto private property, and rudely and roughly grabbed plaintiff and cuffed him. VARGAS warned plaintiff not to upset the Commander.

14. VARGAS then could not open the gate, so he uncuffed plaintiff, and ordered him to open the gate. Then he re-cuffed him.

15. Plaintiff's sister came out onto the porch, and was upset at what was happening, so she called 911.

16. EVANS intercepted the call and told the 911 dispatcher to ignore this call and all further calls from this location.

17. Plaintiff's sister kept asking what was going on and EVANS told her to "shut the hell up."

18. When plaintiff's sister persisted, EVANS told defendant WALDBUESSER to charge plaintiff with something. As plaintiff's sister continue asking questions, EVANS continued ordering WALDBUESSER to add charges, which she did.

19. Plaintiff was given a ticket with charges which he was told carried up to $3,000 in fines.

20. Plaintiff was detained for a substantial amount of time, in handcuffs, while he was verbally abused by EVANS, who called him names such as "Mulatto" and "Dumb Ass."

3

21. EVANS taunted plaintiff, daring him to sue him. EVANS insisted that his name appear on the ticket and said, "I'll come to court."

22. VARGAS, WALDBUESSER, YOUNG, CENTENO, and UNKNOWN OFFICERS assisted in committing the constitutional violations and they also stood by in silence and failed to intervene in the constitutional violations committed by others, although they had a reasonable opportunity to do so.

23. When plaintiff, ALFONSO BROWN, appeared in court, the charges were non-suited.

24. By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained physical and emotional injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage.

25. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

26. Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
### Plaintiff BROWN Against Defendants EVANS, VARGAS, WALDBUESSER, and UNKNOWN OFFICERS for Illegal Stop

27. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

28. The stop of plaintiff by defendants was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

29. By reason of the conduct of defendants, plaintiff, ALFONSO BROWN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANS, VARGAS, WALDBUESSER, and UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT II**
**Plaintiff BROWN Against Defendants EVANS, VARGAS, WALDBUESSER, and UNKNOWN OFFICERS for Illegal Detention**

30. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

31. The detention of plaintiff, BROWN in handcuffs by defendants for the purpose of searching him and charging him with false crimes was without probable cause and unreasonable.

32. By reason of the conduct of defendants, plaintiff, ALFONSO BROWN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANS, VARGAS, WALDBUESSER, and UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT III**
**Plaintiff BROWN Against Defendants EVANS, VARGAS, WALDBUESSER, and UNKNOWN OFFICERS for Illegal Search**

33. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

34. The search of the person of plaintiff, ALFONSO BROWN, was without probable cause and unreasonable.

35. By reason of the conduct of defendants, plaintiff, ALFONSO BROWN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth

Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANS, VARGAS, WALDBUESSER, and UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Plaintiff BROWN Against Defendants EVANS and VARGAS for Excessive Force

36. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

37. The force used by defendant VARGAS on plaintiff, upon the order of defendant EVANS, was excessive, unnecessary, unreasonable, and without legal cause.

38. By reason of the conduct of defendants, plaintiff, ALFONSO BROWN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANS and VARGAS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
### Plaintiff BROWN Against Defendants EVANS, VARGAS, and CITY OF CHICAGO for State Supplemental Claim of Battery

39. Plaintiffs, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

40. The physical contact by defendant EVANS and VARGAS, was offensive and injurious, and against plaintiff's will.

41. Defendants EVANS and VARGAS are liable to plaintiff, BROWN, under Illinois law for the state supplemental claim of battery.

42. Defendant CITY OF CHICAGO is liable to plaintiff pursuant to the doctrine of *respondeat superior*.

### COUNT VI
**Plaintiff BROWN Against Defendants EVANS, VARGAS, and CITY OF CHICAGO for State Supplemental Claim of Assault**

43. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

44. Defendants EVANS and VARGAS engaged in conduct, including threatening words and threatening gestures, which placed plaintiff in reasonable apprehension of receiving a battery. Plaintiff was in reasonable fear not only of a physical attack, but of being forcibly arrested for no legal reason.

45. Defendants EVANS and VARGAS are liable to plaintiff, BROWN, under Illinois law for the state supplemental claim of assault.

46. Defendant CITY OF CHICAGO is liable to plaintiff pursuant to the doctrine of *respondeat superior.*

### COUNT VII
**Plaintiff Against Defendants VARGAS, WALDBUESSER, YOUNG, CENTENO, and UNKNOWN OFFICERS for Failure to Intervene**

47. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

48. Defendant police officers VARGAS, WALDBUESSER, YOUNG, CENTENO, and UNKNOWN OFFICERS were present when plaintiff and his possessions were searched and seized, and plaintiff was detained and charged with crimes, all without probable cause to believe that he had committed any crimes.

49. Defendants had reason to know that the search and seizure of plaintiff were without a warrant, without consent, without probable cause, and without exigent circumstances.

50. Defendants had a reasonable opportunity to prevent said abuse and injury from occurring, but did not do so.

51. By reason of the conduct of defendants, plaintiff, ALFONSO BROWN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants VARGAS, WALDBUESSER, YOUNG, CENTENO, and UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983

### COUNT VIII
### Plaintiff BROWN Against Defendant EVANS for Supervisory Liability

52. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

53. Defendant EVANS was a supervisory officer who ordered, approved, condoned, or turned a blind eye to unconstitutional conduct, and therefore, is liable as a supervisor.

54. Plaintiff, BROWN, was deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANS is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT IX
### Plaintiff BROWN Against Defendants EVANS, VARGAS, WALDBUESSER, and CITY OF CHICAGO for the State Supplemental Claim of Malicious Prosecution on the Charge of Chicago Municipal Code 7-4-010(c)

55. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

56. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff, BROWN.

57. There was no probable cause for the institution of criminal charges against plaintiff.

58. There was no probable cause for the continuation of the prosecution of plaintiff.

59. The individual defendants facilitated this malicious prosecution by creating false police reports, false written criminal charges, and false evidence, and making false statements under oath.

60. Chicago Municipal Code 7-4-010(c) is a non-existent ordinance, contained within the "lead-bearing substances" chapter, which has nothing to do with this case.

61. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

62. The criminal proceedings were terminated in plaintiff's favor, after the charges were dismissed for being based on a non-existent ordinance.

63. Defendants EVANS, VARGAS, and WALDBUESSER are liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

64. Defendant CITY OF CHICAGO is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

**COUNT X**
**Plaintiff BROWN Against Defendants EVANS, VARGAS, WALDBUESSER, and CITY OF CHICAGO for the State Supplemental Claim of Malicious Prosecution on the Charge of Chicago Municipal Code 8-4-010 (g)**

65. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

66. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff, BROWN.

67. There was no probable cause for the institution of criminal charges against plaintiff.

68. There was no probable cause for the continuation of the prosecution of plaintiff.

69. The individual defendants facilitated this malicious prosecution by creating false police reports, false written criminal charges, and false evidence, and making false statements under oath.

9

70. Chicago Municipal Code 8-4-010 (g) is an ordinance that prohibits blocking customer access to a commercial establishment, which is not relevant to the facts of this case. It was described on the charging document as "public intoxication," when plaintiff was neither in public, nor intoxicated at the time of his detention.

71. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

72. The criminal proceedings were terminated in plaintiff's favor, after the charges were dismissed upon non-suit by the City attorney.

73. Defendants EVANS, VARGAS, and WALDBUESSER are liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

74. Defendant CITY OF CHICAGO is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

### COUNT XI
**Plaintiff BROWN Against Defendants EVANS, VARGAS, WALDBUESSER, and CITY OF CHICAGO for the State Supplemental Claim of Malicious Prosecution on the Charge of Chicago Municipal Code 7-24-099(a)**

75. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

76. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff, BROWN.

77. There was no probable cause for the institution of criminal charges against plaintiff.

78. There was no probable cause for the continuation of the prosecution of plaintiff.

79. The individual defendants facilitated this malicious prosecution by creating false police reports, false written criminal charges, and false evidence, and making false statements under oath.

80. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

81. The criminal proceedings were terminated in plaintiff's favor, after the charges were dismissed upon non-suit by the City attorney.

82. Defendants EVANS, VARGAS, and WALDBUESSER are liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

83. Defendant CITY OF CHICAGO is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior.*

## COUNT XII
### Plaintiff, BROWN, Against Defendant CITY OF CHICAGO for *Monell* Claim

84. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 83, as though set forth herein in their entirety.

85. Defendant EVANS was known to the Chicago Police Department to be a high-ranking Commander who was violent, aggressive, and, in general, out-of-control. Despite the numerous serious citizen complaints about him, the CITY OF CHICAGO tolerated, ignored, and even encouraged his conduct.

86. The misconduct described in paragraphs 1 - 83 was undertaken pursuant to the policy and widespread practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby is the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

    b. As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, the Chicago Police Department makes findings of wrongdoing

against its officers in a disproportionately small number of police abuse cases.

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, especially supervisory officers, such as the misconduct at issue in this case.

e. The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

87. The policies and practices listed above were the moving force behind the constitutional violations alleged by plaintiff herein. Enabling police officers to be abusive to citizens, with no supervision or oversight, with inadequate training, and with no disciplinary consequences allowed the individual defendant officers in this action to act with impunity, with no fear that their actions would be scrutinized or that there would be any accountability.

88. By reason of the policy and practice of the Chicago Police Department, plaintiff, BROWN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the CITY OF CHICAGO is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT XIII
**Plaintiff BROWN Against Defendant CITY OF CHICAGO for Indemnification**
**(735 ILCS 10/9-102)**

89. Plaintiff, ALFONSO BROWN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

90. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

91. Defendants EVANS, VARGAS, WALDBUESSER, YOUNG, CENTENO, and UNKNOWN OFFICERS were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

92. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiff, ALFONSO BROWN, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

1. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

2. That defendants be required to pay plaintiff special damages,

3. That defendants be required to pay the plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

4. That defendants be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

5. That defendants be required to pay plaintiff costs of the suit herein incurred, and

6. That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**.

Dated: March 31, 2015                /s/ Irene K. Dymkar
                                     Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
53 West Jackson, Suite 562
Chicago, IL 60604-3420
(312) 345-0123